**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MEEPO TRADING LIMITED, YONGKANGSHILITUGONGMAOYOU XIANGONGSI, MENGYINXIANTAOZUISHANSHUISH ANGMAOYOUXIANGONGSI, YONGKANG CHANGKAI INDUSTRY AND TRADE CO., LTD, YIWUGUANYUE DIANZISHANGWU YOUXIANGONGSI, YIWU SENYUN DIAN ZI SHANG WU YOU XIAN GONG SI, HANGZHOU ZHONGRUI TRADING CO., LTD., ZHEJIANGCHENGMEIJINCHUKOUYO UXIANGONGSI, and RENSHOU COUNTY QINGMU POULTRY MEDICINE CO., LTD<br><br>Plaintiffs,<br><br>v.<br><br>CORE HOME FITNESS, L.L.C.<br><br>Defendant. | Case No.:<br><br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**AND AWARD OF DAMAGES**

Plaintiffs, Meepo Trading Limited, Yongkangshilitugongmaoyouxiangongsi,

Mengyinxiantaozuishanshuishangmaoyouxiangongsi, Yongkang Changkai Industry and Trade

Co., Ltd, Yiwuguanyue Dianzishangwu Youxiangongsi, Yiwu Senyun Dian Zi Shang Wu You

Xian Gong Si, Hangzhou Zhongrui Trading Co., Ltd.,

Zhejiangchengmeijinchukouyouxiangongsi, and Renshou County Qingmu Poultry Medicine Co.,

Ltd (collectively, "Plaintiffs") seek a declaratory judgment that res judicata bars defendant Core

Home Fitness, L.L.C. ("Defendant") from asserting U.S. Patent No. 7,614,983 B1 (the "'983 Patent") against Plaintiffs, Plaintiffs do not infringe the '983 Patent, and the '983 Patent is invalid.

## NATURE OF THE ACTION

1.       This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101, 102, 103 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2.       This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiffs have not infringed the '983 Patent asserted by Defendant in its complaints filed with Amazon.com.

3.       This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '983 Patent is invalid under at least 35 U.S.C. §§ 102 and/or 103.

4.       This action arises from Defendant's filings of fraudulent Patent infringement complaints to Amazon.com to delist Plaintiffs top selling products that enjoyed bigger successes than Defendant's own competing products. As a result of the delisting, Plaintiffs have suffered significant monetary losses.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6.       An actual case or controversy exists between the parties to this action. Defendant filed patent infringement complaints to Amazon.com which resulted in delisting of Plaintiffs'

dumbbells. Product delisting from Amazon.com stopped Plaintiffs' product dumbbell sales on Amazon.com and has caused significant financial losses. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

7. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the State of Illinois by setting up and operating fully interactive e-commerce stores (https://www.amazon.com/s?k=CORE+FITNESS and https://corehomefitness.com/) that target Illinois consumers, offers shipping to Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois. Defendant is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Illinois.

**PARTIES**

8. Plaintiffs are based in China and own e-commerce stores on Amazon.com that sold adjustable dumbbells each of which has a distinct Amazon Standard Identification Number (ASIN).

9. The following table lists the information of all Plaintiffs, their store names on Amazon.com, the ASINs of their products that have been delisted from Amazon.com as a result of Defendant's fraudulent complaints. These products are referred to as "Plaintiffs' Products" hereinafter.

| Plaintiff No. | Plaintiff Name | Amazon.com Store Name | ASIN |
|---|---|---|---|
| 1 | MEEPO TRADING LIMITED | GOIMU | B0D7BQK5DB |
| | | | B0CZMLV5S8 |

| | | | B0CZLGP4WP |
|---|---|---|---|
| | | | B0CXXGPNMF |
| 2 | yongkangshilitugongmaoyouxiangongsi | Lituuer Sports | B0D7MZJK1C |
| | | | B0D79BF7M2 |
| | | | B0CJL3R3G9 |
| | | | B0CC231PJP |
| | | | B0CBP1ZZ5X |
| 3 | mengyinxiantaozuishanshuishangmaoyouxiang ongsi | Kanchimi | B0D1XLY5DV |
| 4 | Yongkang Changkai industry and trade Co., LTD | changkaigongmao | B0D8VFDXXJ |
| | | | B0D8VF7WCF |
| 5 | YIWUGUANYUE DIANZISHANGWU YOUXIANGONGSI | GUANYUE DISTRICT | B0C3M5RW2Q |
| | | | B0C3M3Y4J1 |
| | | | B0C3VM8BWL |
| | | | B0D95KFXKY |
| 6 | YIWU SENYUN DIAN ZI SHANG WU YOU XIAN GONG SI | FORESTCLOUD | B0C49M9CPV |
| | | | B0D4DR3528 |
| | | | B0C49K63Q3 |
| 7 | Hangzhou Zhongrui Trading Co., Ltd. | SCTTREES | B0CRBG9798 |
| 8 | zhejiangchengmeijinchukouyouxiangongsi | CHENGMEI | B0D5XSPC14 |
| | | | B0CZ6QWPBM |
| 9 | Renshou County Qingmu Poultry Medicine Co., Ltd | KEPPI Fitness | B091MB9N74 |
| | | | B0986PYJV7 |

10.    On information and belief, Defendant is an LLC incorporated in the State of Nevada. It owns and operates at least an fully interactive Amazon.com store named "CORE FITNESS" which sells fitness equipment including adjustable dumbbells. Below is a screenshot of one of its products listed on Amazon.com.



11.    On information and belief, Defendant is registered in the State of Ohio as a foreign LLC, which owns and operates the fully interactive website https://corehomefitness.com/ which sells dumbbells (among many other fitness products). It shows an Ohio address for contact. Below are screenshots of the relevant pages.



# ADJUSTABLE DUMBELLS



**SAVE $30.00**

**SAVE $60.00**

**SAVE $20.00**

### ADJUSTABLE DUMBBELL SET
~~$399.99~~ $369.99

### ADJUSTABLE DUMBBELL STAND (RED VERSION)
~~$179.99~~ $119.99

### ADJUSTABLE DUMBBELLS & STAND
~~$469.98~~ $449.98

**SAVE $160.00**

**SAVE $240.00**



## CONTACT

Our Office

8401 Southern Boulevard
Youngstown, Ohio 44512, USA

Operating Hours

Monday - Friday 10am - 4pm EST

## FACTTUAL BACKGROUND

12.     Plaintiffs own and operate Amazon.com stores listed in the table in Paragraph 9.

13.     Plaintiffs sell dumbbells in their respective Amazon.com stores that are substantially similar but patently different from what is claimed in the '983 Patent asserted by Defendant in its complaints filed with Amazon.com. Also included in the table in Paragraph 9 are the ASINs of Plaintiff's dumbbells and the names of Plaintiff's Amazon.com stores.

14.     Before delisting, Plaintiffs' dumbbells were popular due to their distinguished design and reasonable prices. The following are some images of Plaintiffs' dumbbells the Products, as represented by Plaintiff No. 9:








15.     From June through September 2024, Plaintiffs stores received emails from

Amazon.com. See Exhibit 1 for some of such emails. These email informed Plaintiffs that

Amazon.com had received "report[s] from a rights owner alleging they ***may*** infringe upon their

[U.S.] patent [No. 7,614,983]." (Emphasis added.) The emails also stated the following and

provided Defendant's email address for contact:

> "To reactivate your listings, please send any of the documents listed below
> for us to review:
> -- A court order stating you are allowed to sell the products and hence are
> not violating Amazon policy for each of the listings mentioned in the
> deactivation notification.
> -- A letter of non-infringement from legal counsel.
> -- Work directly with the rights owner who reported the violation to
> submit a retraction. We may only accept retractions that the rights owner

submits to us directly. We do not accept forwarded or attached retractions. These are the rights owner's contact details:
-- Rights owner name:  Core Fitness
-- Rights owner email: mg@corehomefitness.com"

16.    Upon receiving such emails, Plaintiffs engaged U.S. patent counsel to conduct analysis on whether Plaintiff's dumbbells had infringed Defendant's '983 Patent. Plaintiffs' U.S. patent counsel, with over 20 years of experience in the patent field, concluded Plaintiff's delisted dumbbells do not infringe on the '983 Patent and issued non-infringement opinions to the effect. These non-infringement opinions were submitted to Amazon.com for consideration of evaluation by a neutral third party evaluator, but were not chosen by the third party evaluator to evaluate. Plaintiffs' patent counsel also emailed the non-infringement opinions to Defendant directly at the email address provided by Amazon.com, without receiving any kind of response or even acknowledgement of receipt. As such, Plaintiffs' dumbbells remains delisted and Plaintiffs have suffered significant financial losses.

17.    Plaintiffs' patent counsel's emails to Defendant providing the non-infringement opinions are together attached as Exhibit 2.

18.    By filing unfounded reports of patent infringement and ignoring Plaintiffs' counsel's non-infringement opinion (thereby keeping Plaintiffs' dumbbells delisted), Defendant stands to gain significantly by eliminating legitimate competing products and enhancing its sales of its own products with fewer, much more competitive sellers offering products that are cheaper and even better in design.

19.    Defendant's '983 Patent is attached hereto as Exhibit 3. This Patent issued on November 10, 2009, from U.S. patent application number 11/983,213 filed on November 6, 2007, as a continuation application of U.S. patent application number 11/410,774 filed on April 25, 2006, which had issued into U.S. Patent No. 7,291,098 on November 6, 2007.

20.     The '983 Patent has 11 claims, among which only claims 1, 9 and 11 are

independent and the other claims are dependent.  Claims 1, 9, and 11 are provided below:

>       1.     An exercise apparatus, comprising:
>       a liftable member having at least one weight supporting section;
>       weights sized and configured to be supported by the at least one weight
>       supporting section;
>       a weight selector rotatably mounted on the liftable member for rotation
>       about an axis extending lengthwise between adjacent said weights,
>       wherein the weight selector is configured for rotation through a cavity
>       defined between adjacent said weights.
>
>       9.     An exercise apparatus, comprising:
>       a weight lifting member having at least one weight supporting section;
>       weights sized and configured to be supported by the at least one weight
>       supporting section, wherein notches in the weights cooperate to define a cavity
>       having upwardly open sectors and upwardly closed sectors; and
>       a weight selector rotatably mounted on the weight lifting member for
>       rotation inside the cavity, wherein the weight selector defines a rotational
>       axis, and includes a plate having a generally semi-circular shape when
>       viewed axially.
>
>       11.     An exercise apparatus, comprising:
>       a weight lifting member having at least one weight supporting section;
>       weights sized and configured to be supported by the at least one weight
>       supporting section, wherein notches in the weights cooperate to define a cavity
>       having upwardly open sectors and upwardly closed sectors; and
>       a weight selector, rotatably mounted on the weight lifting member for
>       rotation inside the cavity, wherein the weight selector is rotatable between
>       a first orientation underlying only one of the weights, and a second
>       orientation underlying only another of the weights.

21.     Neither Defendant nor Amazon.com provided Plaintiffs explanation or reasons as

to how Plaintiffs' Products infringe on the '983 Patent.

22.     As detailed in Plaintiffs' counsel's non-infringement opinions that had been

submitted to Amazon.com and to Defendant, Plaintiffs believe their dumbbells are not covered

by the claims and therefore do not infringe on the '983 Patent.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of the '983 Patent)

23.     Paragraphs 1 through 22 are incorporated as set forth above.

24.     Claim 1 of the '983 Patent reads:

1.      An exercise apparatus, comprising:
        a liftable member having at least one weight supporting section;
        weights sized and configured to be supported by the at least one
weight supporting section;
        a weight selector rotatably mounted on the liftable member for
rotation about an axis extending lengthwise between adjacent said
weights, wherein the weight selector is configured for rotation through a
cavity defined between adjacent said weights.

25.     The technical features and limitations of claim 1 are discussed with reference to

the corresponding description and drawings of the '983 Patent. The exercise apparatus (exercise

dumbbell system 100 in the description) comprises a liftable member (weight lifting member or

handle member110 in the description) having at least one weight supporting section (117 in the

description); weights (weight plate 180 and 190 in the description) sized and configured to be

supported by the at least one weight supporting section; a weight selector (selector plate 166 in

the description) rotatably mounted on the liftable member for rotation about an axis (see the line

with an arrow in the denoted FIG. 1 below) extending lengthwise between adjacent said weights,

wherein the weight selector is configured for rotation (see the circle with arrows in the denoted

FIG. 2 below) through a cavity (upwardly closed notch 184 and upwardly closed notch 194 in

the description) defined between adjacent said weights.

26.     The relevant supporting drawings in the '983 Patent are also denoted as below.

11



FIG. 1 of the '983 Patent (denoted)



weight supporting section

117

111

120

110 lifable member

157

166 Weight selector

130

118

114

Rotating axis of the weight selector is perpendicular to the plane of the weight selector

118

A

B

166 weight selector

157

170

D

C

117

118

weight supporting section

Fig. 2

FIG. 2 of the '983 Patent (denoted)

13



FIG. 6 of the '983 Patent (denoted)



FIG. 8 of the '983 Patent (denoted)



FIG. 9 of the '983 Patent (denoted)

27.     In comparison, some line drawings of Plaintiffs' product are provided to better

illustrate the differences between Plaintiffs' Products and claim 1 in the '983 Patent.

28.     As shown in the denoted picture 1 and several line drawings of Plaintiffs'

Products, Plaintiffs' dumbbells include a rotatable handle and two hanging assemblies rotatably

sleeved on two ends of the rotatable handle. Each one of the two hanging assemblies are

connected to a same quantity of lock discs (4 on each side of the rotatable handle). The quantity

of the plurality of lock discs is the same as that of a plurality of dumbbell plates (4 on each side

of the rotatable handle), and each lock disc is configured to connect each dumbbell plate in an interlocked manner.



Pictures 1-4 of Plaintiffs Products (denoted)



Picture 5 of Plaintiffs Products (dumbbell plate)



FIG. 1 of Plaintiffs Products (the lock disc)



FIG. 2 of Plaintiffs' Products

(showing the dumbbell plate and the lock disc interlocked together)

29.     There are several notable differences between Plaintiffs' Products and claim 1 of the '983 Patent.

30.     First, Plaintiffs' Products do not include the technical feature "weight selector". As required by claim 1 of the '983 Patent, the "weight selector" is configured to rotate between adjacent weights (the plural expression can be interpreted as there are at least two weights, and in the denoted FIG. 1 of the '983 Patent, there are two weights 180 and 190). In other words, the "weight selector" serves as a selecting functional structure to select one weight to be lifted together with the liftable member. Moreover, the "weight selector" is shared by adjacent weights and need to rotate between the adjacent weights. It can be clearly seen from the denoted pictures

1-5 and the two other drawings of the Products above that the dumbbell set realizes the function

of lifting different dumbbell plates by means of multiple lock discs. However, there is no need

for the lock disc to select one dumbbell plate between two or more dumbbell plates because one

lock disc is configured to lock only one dumbbell plate (see the denoted Pictures 1-4 and FIG. 2

for the interlocked state in Plaintiffs' Products). Each lock disc correspond to each dumbbell

plate, and they interlock with each other by the clamping member (see FIG. 2 of Plaintiffs'

Products) arranged on the dumbbell plate.

31. Second, Plaintiffs' Products further differ from the technical feature "the weight

selector rotates about an axis extending lengthwise between adjacent said weights" required by

claim 1 of the '983 Patent. As denoted in FIG. 1 of the '983 Patent, the axis for the weight

selector to rotate extends lengthwise and is between two adjacent weights. However, as stated

above, each lock disc in Plaintiffs' Products locks each dumbbell plate. Thus, each lock disc

rotates about an axis which extends lengthwise of one dumbbell plate. In other words, the axis

for the lock disc to rotate is not between adjacent dumbbell plates in Plaintiffs' Products. Further,

it can be seen from the denoted FIG. 1 and FIG. 2 of the '983 Patent, the weight selector is

perpendicularly arranged to the weights, and the rotating axis of the weight selector is parallel to

the lengthwise direction of one weight. However, according to the denoted pictures 1-4 of

Plaintiffs' Products, each lock disc is parallel arranged to each dumbbell plate, and the rotating

axis of the lock disc is perpendicular to lengthwise direction of the lock disc. In this perspective

view, Plaintiffs' Products also differ from the '983 Patent in that the weight selector rotates about

an axis extending lengthwise between adjacent said weights.

32. Third, Plaintiffs' Products further differ from the technical feature "the weight

selector is configured for rotation through a cavity defined between adjacent said weights"

required by claim 1 of the '983 Patent. As denoted in FIG. 8 and FIG. 9 of the '983 Patent, it can be interpreted that the cavities 183 and 184 opened in the weight 180 and the cavities 193 and 194 opened in the weight 190 form the cavity defined in the independent claim 1. However, as shown in Pictures 1-4, Picture 5, FIG.1 and FIG. 2 of Plaintiffs' Products, each one lock disc only inserts the insertion port (picture 5) of each one dumbbell plate to be interlocked with each other. The cavities 183, 184, 193 and 194 (multiple notches) are structurally different from the insertion port (one U shaped opening) of the dumbbell plate. The position of the cavities 183, 184, 193 and 194 (opened in adjacent weights) is also different with that of the insertion port (opened in only one dumbbell plate). In other words, one lock disc does not have to rotate two adjacent dumbbell plates to select one to be lifted.

33.    At least for the three reasons stated above in Paragraphs 30 through 32, Plaintiffs' Products are structurally different from the exercise apparatus defined in claim 1 of the '983 Patent. In other words, Plaintiffs' Products are not covered by, and therefore do not infringe on, claim 1 of the '983 Patent.

34.    Moreover, the working principle of Plaintiffs' Products is also different from that of the exercise apparatus defined in claim 1 of the '983 Patent by their different structures and invention concept. The working principle of the exercise apparatus of the '983 Patent is explained in lines 4 to 18 of page 5 of the '983 Patent, which reads "When the system 100 is arranged in the rest position shown in FIG. 1, and the selector plate 166 is rotated to an orientation occupying sector B, the selector plate 166 occupies the upwardly closed notch 194 in the smaller weight plate 190, thereby engaging the weight plate 190 to be lifted together with the handle member. Similarly, when the system 100 is arranged in the rest position shown in FIG. 1, and the selector plate is rotated to an orientation occupying sector C, the selector plate 166

occupies the upwardly closed notch 184 in the larger weight plate 180, thereby engaging the

weight 180 to be lifted together with the handle member 110".

35.     In summary, Plaintiffs' Products do not fall within the scope of and therefore do

not infringe on claim 1 of the '983 Patent. Claims 2 to 8 depend from claim 1 and recites

additional limitations, thus having a narrower scope, are not infringed by Plaintiffs' Products at

least for the same reasons as stated above in Paragraphs 30 through 34 for claim 1 in the '983

Patent.

36.     Claim 9 of the '983 Patent provides:

>     An exercise apparatus, comprising:
>     a weight lifting member having at least one weight supporting
> section;
>     weights sized and configured to be supported by the at least one
> weight supporting section, wherein notches in the weights cooperate to
> define a cavity having upwardly open sectors and upwardly closed sectors;
> and
>     a weight selector rotatably mounted on the weight lifting member
> for rotation inside the cavity, wherein the weight selector defines a
> rotational axis, and includes a plate having a generally semi-circular shape
> when viewed axially.

37.     Plaintiff's products differ from claim 9 of the '983 Patent which requires "a

weight selector rotatably mounted on the weight lifting member for rotation inside the cavity,

wherein the weight selector defines a rotational axis, and includes a plate having a generally

semi-circular shape when viewed axially" in that Plaintiff's products are not arranged with a

weight selector. The reasons have been illustrated above in Paragraphs 30 through 34 and are not

repeated here. Also, Plaintiff's products do not include a semi-circular shape as required by

claim 9 of the '983 Patent.

38.     Secondly, Plaintiff's products differ from claim 9 in not having "notches in the

weights cooperate to define a cavity having upwardly open sectors and upwardly closed sectors"

as required by the '983 Patent. For the same reason stated above and as shown in denoted FIG. 8

and FIG. 9 of the '983 Patent, the structures and positions of the notches 183, 184, 193 and 194

(opened in more than one weight and forms the cavity, namely, two weights 180 and 190 in the

description and drawings) are different from those of the insertion port (opened in only one

dumbbell plate, see picture 5 of the Product) of the plate in Plaintiff's products. From another

perspective of view, Plaintiffs' Products also have no cavity, opening or any space having

upwardly open sectors and upwardly closed sectors, all of which are required by claim 9 of

the '983 Patent. See denoted FIG. 2 of the '983 Patent: section A, B, C, D).

39.     Similarly, Plaintiffs' Products are structurally different from the exercise

apparatus defined in claim 9 of the '983 Patent, with a different working principle.

40.     For the reasons stated above in Paragraphs 37 through 39, Plaintiffs' Products do

not fall within the scope of, and therefore do not infringe on, claim 9 of the '983 Patent. Claim

10 depends from claim 9 and recites additional limitations. But claim 10 is also not infringed by

Plaintiffs' Products at least for the same reasons as stated above in Paragraphs 37 through 39.

41.     Independent claim 11 is the final claim in the '983 Patent.  It reads:

> An exercise apparatus, comprising:
> a weight lifting member having at least one weight supporting
> section;
> weights sized and configured to be supported by the at least one
> weight supporting section, wherein notches in the weights cooperate to
> define a cavity having upwardly open sectors and upwardly closed sectors;
> and
> a weight selector, rotatably mounted on the weight lifting member
> for rotation inside the cavity, wherein the weight selector is rotatable
> between a first orientation underlying only one of the weights, and a
> second orientation underlying only another of the weights.

42.     Plaintiffs' Products are not covered by and therefore do not infringe claim 11 of

the '983 Patent for at least two reasons:

43.     First, Plaintiffs' Products do not bear the technical feature "notches in the weights cooperate to define a cavity having upwardly open sectors and upwardly closed sectors" required by claim 11 of the '983 Patent. The reasons as the same as those provided above in Paragraphs 37 through 39 in the discussion of claim 9 of the '983 Patent.

44.     Second, Plaintiffs' Products do not bear the technical feature "a weight selector, rotatably mounted on the weight lifting member for rotation inside the cavity, wherein the weight selector is rotatable between a first orientation underlying only one of the weights, and a second orientation underlying only another of the weights" also required by claim 11 of the '983 Patent, as Plaintiffs' Products are not arranged with a weight selector for the same reasons as stated above in Paragraphs 25 through 35 in the discussion of claim 1 of the '983 Patent.

45.     Plaintiffs' Products do not infringe upon any of claims 1 to 11 of the '983 Patent. Plaintiffs are entitled to a declaratory judgment that Plaintiffs' Products as do not infringe under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '983 Patent. Such a determination and declaration are necessary and appropriate at this time to resolve the dispute regarding alleged infringement of the '983 Patent.

## COUNT TWO

### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,614,983)

46.     Plaintiffs repeat and reallege each and every allegations contained in the Paragraphs above as if fully set forth herein.

47.     As explained above, no claim of the '895 Patent has been or is infringed, either directly or indirectly, by Plaintiffs or purchasers of Plaintiffs' Products through their use of Plaintiffs' Products. Should the Court disagree, the Court should enter judgment declaring that the '983 Patent is invalid.

48.     The claims of the '983 Patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112, and/or based on other judicially-created bases for invalidation.

49.     In particular, the '983 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 because its claims are anticipated and/or rendered obvious by prior art. By way of example, exemplary claim 1 is invalid under 35 U.S.C. §§ 102 and/or 103 because it is anticipated and/or obvious in view of prior art.

50.     As an example, claim 1 is invalid as non-novel and/or obvious in view of International Publication No. WO 2003/089070 A1 (attached as Exhibit 4), International Publication No. WO 2003/103777 A2 (attached as Exhibit 5), U.S Pat. No. 7,077,791 B2(attached as Exhibit 6), and U.S Pat. No.7,261,678 B2 (attached as Exhibit 7). The prior art references disclose, or at a minimum render obvious, all the limitations in claim 1, including "a liftable member having at least one weight supporting section;" "weights sized and configured to be supported by the at least one weight supporting section;" and "a weight selector rotatably mounted on the liftable member for rotation about an axis extending lengthwise between adjacent said weights, wherein the weight selector is configured for rotation through a cavity defined between adjacent said weights."

51.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Plaintiff and Defendant to warrant the issuance of a declaratory judgment that the claims of the '983 Patent are invalid.

## COUNT THREE

## (Awarding Damages to Plaintiffs Caused by

**Defendant's Fraudulent Reports of Patent Infringement)**

52.     Prior to Defendant's fraudulent report of alleged infringement of the '983 Patent, Plaintiffs' Products were popular with consumers and enjoyed successful sales. As a result of Defendant's fraudulent reports which caused delisting of Plaintiffs' Products, Plaintiffs have sufferer significant financial losses which would not have occurred but for Defendant's fraudulent reports of alleged patent infringement.

53.     Defendant has intentionally ignored Plaintiffs' good faith attempts to resolve the disputes and re-activate listings of Plaintiffs' Products, prolonging Plaintiffs' significant financial losses.

54.     Plaintiffs' financial losses should be compensated by Defendant given the fraudulent and malicious nature of Defendant's reports filed with Amazon.com, which attempted to eliminate legitimate competitions and enhance sales of Defendant's own products that had very poor performance on Amazon.com prior to its fraudulent reports.

**JURY TRIAL DEMAND**

Plaintiffs hereby request a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter the following relief pursuant to 28 U.S.C. §§ 2201 and 2202:

a.     That a declaration be issued under 28 U.S.C. § 2201 declaring that Plaintiffs' Products as listed in the table in Paragraph 9 do not infringe and have not infringed under 35 U.S.C. § 271 (or any sub-section thereof) the '983 Patent.

b.      That a declaration be issued under 28 U.S.C. § 2201 declaring that Plaintiffs' customers do not infringe and have not infringed the '983 Patent by purchasing or using of Plaintiff's Products.

c.      That an injunction be issued against Defendant, barring it from alleging infringement against Plaintiffs and any of Plaintiffs' customers based on their purchase or use of Plaintiff's Products, taking any action to suggest that Plaintiffs or their customers require a license from Defendant for the '983 Patent, filing reports of alleged infringement of the '983 Patent on e-commerce platforms against Plaintiffs' Products, or pursuing or continuing to pursue infringement actions against Plaintiffs' customers on the basis of those customers' use of Plaintiffs' Products.

d.      That Defendant pay Plaintiffs for their financial losses arising out of delisting of Plaintiffs' Products caused by Defendant's reports of alleged infringement of the '983 Patent, and punitive damages due to Defendant's improper acts and the willful and exceptional nature of the case.

e.      That this case be adjudged an exceptional case under 35 U.S.C. § 285, awarding Plaintiffs their attorneys' fees and costs.

f.      That the Court award all other and further relief (general or special, consequential or incidental) as it deems just and proper.

DATED October 28, 2024                          Respectfully submitted,

                                                /s/ Weisun Rao
                                                Weisun Rao (IL Bar No. 6287158)
                                                Venture Partner, LLC
                                                401 N. Michigan Ave., Suite 1200
                                                Chicago, IL 60611

Tel: 312-840-8228
rao@venturepartner.law
ATTORNEY FOR PLAINTIFFS
YONGKANGSHILITUGONGMAOYOUX
IANGONGSI,
MENGYINXIANTAOZUISHANSHUISHA
NGMAOYOUXIANGONGSI,
YONGKANG CHANGKAI INDUSTRY
AND TRADE CO., LTD,
YIWUGUANYUE DIANZISHANGWU
YOUXIANGONGSI, YIWU SENYUN
DIAN ZI SHANG WU YOU XIAN GONG
SI, HANGZHOU ZHONGRUI TRADING
CO., LTD.,
ZHEJIANGCHENGMEIJINCHUKOUYOU
XIANGONGSI, and RENSHOU COUNTY
QINGMU POULTRY MEDICINE CO.,
LTD